Taal v. Zwirner, et al.                    CV-02-131-M   04/09/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Baboucar B. Taal
and Guylaine L. Taal,
      Plaintiffs

      v.                                   Civil No. 02-131-M
                                           Opinion No. 2003 DNH 062
Patricia Zwirner
and Kim Lacey,
      Defendants


                           O R D E R


      Pro se plaintiffs, Baboucar and Guylaine Taal, filed this

civil action against defendants, alleging that they conspired to

interfere with plaintiffs' civil rights, 42 U.S.C. § 1985(3), and

violated provisions of the Fair Housing Act ("FHA"), 42 U.S.C. §

3601, et seq.  They seek $21 million in compensatory and punitive

damages.  By order dated March 10, 2003, the court granted the

motion for summary judgment submitted by defendant State Farm

Mutual Auto Insurance Company.


      Pending before the court are the following motions:

plaintiffs' motion for reconsideration of the court's March 10

order (document no. 92); defendant Zwirner's motion to compel

discovery from plaintiffs (document no. 91); defendant Lacey's motion to compel discovery from Guylaine Taal (document no. 83); defendant Lacey's motion to compel discovery from Baboucar Taal (document no. 93); defendant Lacey's motion to strike plaintiffs' objection (document no. 99); and plaintiffs' motion for leave to file a response to State Farm's objection (document no. 98). Those motions are resolved as follows.

I.    Plaintiffs' Motions.

Plaintiffs' motion for reconsideration is granted to the extent it moves the court to reconsider its order dated March 10, 2003. Having reconsidered that order, the court reaffirms it in all material respects. Nothing in plaintiffs' motion to reconsider persuades the court that the rulings set forth in its order dated March 10, 2003, were erroneous, either factually or legally.

Dissatisfied with the court's order granting State Farm's motion for summary judgment, plaintiffs now (appear to) seek relief under Fed. R. Civ. P. 56(f). See Plaintiffs' memorandum at 1 ("State Farm['s] motion for summary judgment [was] by all

standard[s] premature as Rule 56(f) clearly indicates that a party opposing summary judgment must be allowed adequate opportunity to conduct discover[y] or otherwise develop the evidence in opposition of the summary judgment motion."). To the extent plaintiffs do seek relief under Rule 56(f), their request is neither properly supported nor is it timely. See, e.g., Mass. School of Law at Andover v. American Bar Ass'n., 142 F.3d 26, 44 (1st Cir. 1998) ("To savor the balm of Rule 56(f), a party must act in a timely fashion. Moreover, the moving papers must contain a proffer which, at a bare minimum, articulates a plausible basis for the movant's belief that previously undisclosed or undocumented facts exist, that those facts can be secured by further discovery, and that, if obtained, there is some credible prospect that the new evidence will create a trialworthy issue.") (citations omitted). See also Peterson-Leitch Co., Inc. v. Mass. Municipal Wholesale Elec. Co., 840 F.2d 985, 988-90 (1st Cir. 1988).

Plaintiffs' motion for leave to file a response to State Farm's objection (document no. 98) is denied as moot. Parenthetically, the court notes that plaintiffs' motion also

lacks the certification required by the court's order dated March 10, 2003.

II. <u>Defendant Zwirner's Motion to Compel</u>.

Defendant's motion to compel (document no. 91) is granted in part and denied in part. To the extent it seeks an order compelling plaintiffs to comply with their discovery obligations, it is granted. To the extent it seeks attorneys' fees, it is denied as premature, without prejudice to defendant's right to seek such fees should plaintiffs fail to comply with this order.

III. <u>Defendant Lacey's Motions to Compel and to Strike</u>.

Defendant's motions to compel (document nos. 83 and 93) are likewise granted in part and denied in part. To the extent they seek an order compelling plaintiffs to comply with their discovery obligations, the motions are granted. To the extent they seek attorneys' fees, they are denied as premature, without prejudice to defendant's right to seek such fees should plaintiffs fail to comply with this order.

Defendant Lacey's motion to strike (document no. 99) is denied as moot.

## Conclusion

Defendants' motions to compel (document nos. 83, 91, and 93) are granted to the extent defendants seek an order compelling plaintiffs to produce the requested discovery; those motions are, however, denied as premature to the extent they seek an award of attorneys' fees. Plaintiffs' motion for reconsideration (document no. 92) is denied insofar as it is both unsupported and untimely. Defendant Lacey's motion to strike (document no. 99) is denied as moot. Plaintiffs' motion for leave to file a response (document no. 98) is also denied as moot.

Plaintiffs shall produce the discovery referenced in defendants' various motions to compel **on or before April 25, 2003**. Plaintiffs should understand that failure to comply with this order will expose them to the imposition of appropriate sanctions, which may include precluding the presentation of evidence at trial, or even dismissal of their claims.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 9, 2003

cc:  Baboucar B. Taal
     Guylaine L. Taal
     Wilfred J. Desmarais, Jr., Esq.
     Christopher J. Pyles, Esq.
     Russell F. Hilliard, Esq.